MARCUS J. YOUMANS, as Administrator with the Will Annexed of CONRAD C. MESIOK, Deceased, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 30837.) — Appeal by claimants from a judgment of the Court of Claims. The claimants were awarded compensation for a parcel of land owned by them and appropriated by the State on March 1, 1949, for the purpose of reconstructing the Troy-Schenectady Road in the Town of Niskayuna, Schenectady County. The claimants were denied compensation for other parcels of land, one of which was formerly used as a trolley right of way. As to the latter parcels, the Court of Claims found, in substance, that the parcels were located within the boundaries of the highway prior to the appropriation of March 1, 1949. The Court of Claims also found, in substance, that the cessation of trolley operations in 1933, did not result in an abandonment of that portion of the highway upon which the trolley operated. The findings are substantiated by the weight of the evidence and in accordance with law. (See *Napolitano* v. *State of New York,* 284 App. Div. 823.) Judgment unanimously affirmed, with costs. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.

■

In the Matter of the Accounting of EULA TACHMAN, as Executrix of ERNEST W. POST, Deceased, Respondent. MABEL E. GILL, Appellant.— Appeal from a decree of the Ulster County Surrogate's Court. Claimant is a first cousin of decedent. For four years, from August, 1945, to October, 1949, decedent boarded with claimant in Kingston. He paid $15 a week for his room and board. Becoming ill in 1949, he went to a hospital and thereafter, until he died in October, 1952, he lived in another house where he paid $18 a week for board and room. The claim is based on the theory that decedent continued to be liable for the fair and reasonable value of the room in claimant's house between the time he left there to go to the hospital and his death and during which time he was boarding elsewhere. This presents a fair issue of fact upon which claimant has the burden; and we regard the decision of the Surrogate not only well within the record but consistent with the actual intent of both the decedent and claimant during the period in dispute. Decree unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.